582 So.2d 756 (1991)
BIG SUN HEALTHCARE SYSTEMS, INC., etc., Petitioner,
v.
Levette D. PRESCOTT and Mary M. Prescott, Etc., Respondents.
No. 91-441.
District Court of Appeal of Florida, Fifth District.
July 11, 1991.
*757 Thomas L. Schieffelin of Adams, Hill, Reis, Adams & Hall, Orlando, for petitioner.
Robert A. Vostrejs, Jr. and Charlene A. Culbreth of McClellan, Vostrejs & Batsel, P.A., Ocala, for respondents.
GRIFFIN, Judge.
Petitioner, Big Sun Healthcare Systems, Inc., d/b/a Munroe Regional Medical Center, a defendant in this medical malpractice action pending below, seeks a writ of certiorari to quash an order of the lower tribunal compelling production of certain hospital records, including a sign-in log and triage records.
The complaint below, filed by respondents as co-personal representatives of the estate of their three year old deceased daughter, alleged that petitioner's employees improperly monitored and "triaged" their child in the emergency room, failing to provide her with timely and necessary emergency care. Petitioner has defended in part by alleging that any delay in the deceased's care was due to the more urgent needs of other patients.
Respondents served upon Petitioner a Request to Produce, seeking a copy of the emergency room patient sign-in log for three specified days and a copy of the triage records of all patients seen and triaged by a specific nurse on the day of the incident, with information concerning patient identity deleted. Petitioner produced the sign-in logs with the patients' names excised, but objected to any further production, relying principally on the privilege codified in section 395.017, Florida Statutes (1990).[1] A motion to compel was filed and granted by the trial court. The court ordered petitioner to produce the sign-in logs with the names of patients included, and the triage records requested with the patients' names obliterated. In its petition for certiorari, petitioner asserts this order of the trial court constitutes a departure from the essential requirements of law irremediable on plenary appeal. We grant the writ in part.
The threshold question is whether either the sign-in logs or the triage reports are patient records privileged under the statute. Petitioner argues that because the triage records include symptoms and medical history, they are clearly "patient records" covered by the statutory privilege and deletion of the patient's name cannot change that fact. If this is true, it must also be true that when petitioner voluntarily produced the sign-in logs with patient names deleted, the hospital waived any assertion of privilege for the sign-in logs.[2] Even if this were not so, we question *758 whether the sign-in logs are privileged. The sign-in log contains very limited entries made by the patients upon arrival at the emergency room, including name, whether the visit is initial or recheck, whether the patient belongs to certain specific care plans, and triage time. It contains no information about medical problems. Every patient who signs in can view the entries made by the patients who signed in before. We conclude that the trial court did not depart from the essential requirements of law in ordering the hospital to provide the names excised from the previously produced sign-in logs.
Disclosure of the triage records is another matter. To illustrate the type of data recorded in triage records, respondents have supplied a sample, which shows that such information as symptoms and past medical history are included. The triage records are considered a part of a patient's medical chart. Respondent argues that the data contained on the triage reports is so summary that it hardly qualifies as the type of medical record intended to be privileged. They also urge, in essence, that a medical record without a patient name is not a "patient record" at all. In the present case it is unclear whether the trial court concluded that the triage reports were privileged "patient records" which were nevertheless discoverable in redacted form, or whether he concluded that even though these documents were not privileged patient records, the names were not relevant and ordered them removed for that reason.
Because we find the triage reports to be patient records, it was beyond the discretion of the trial court simply to give these patient records to respondent. We recognize that, on occasion, Florida courts have ordered relevant patient records produced, provided the patients' names were redacted.[3] Even if such an order were permissible under the statute, however, this device is not practical in the present case. Here, a comparison of the triage records with the entries on the sign-in logs would indicate to whom the records pertain.
Respondents appear to have other remedies, however. Based on their arguments in this court that all they seek to determine is how many patients had health concerns more or less urgent than respondents' child, the data they require would appear to be available through interrogatory without actually obtaining the privileged documents. Facts are not necessarily privileged simply because they are recorded on a privileged or immune document.
If, for some reason, the privileged documents themselves are needed by respondents, they can be obtained in a proper procedural framework. Respondents will receive the names of the other patients who were in the emergency room from the sign-in logs.[4] Section 395.017 contemplates disclosure of privileged patient records that have been subpoenaed in any civil or criminal action upon proper notice to the patient. In the present case, no subpoena is involved only because the records custodian is also one of the litigants. It would be absurd to interpret section 395.017(3) to mean that in a case where only the treating physician was sued, not the hospital, all records requested by subpoena from the hospital would be subject to the statutory method of disclosure after notice to the patient, but in a case where the hospital is also a party and the documents are obtained by a request for production, the statutory method of disclosure is inapplicable and the privilege becomes absolute.
In cases such as the present case, where a request for production seeking to obtain patient records privileged under section 395.017(3), Florida Statutes, was served and an objection filed, the court *759 must initially determine whether the items requested are relevant to the plaintiff's claim.[5] If so, a timely notice should go to the patients identified in the sign-in logs that adequately advises them which of their records are being sought and that they are entitled to be heard on the question of disclosure, or the extent of disclosure, of any such record. After hearing the patient and the parties, a decision whether to order disclosure and appropriate limitations on use of these privileged patient records is addressed to the sound discretion of the trial court. We recognize that following this procedure the trial court may ultimately reach the same conclusion. We simply hold that disclosure of a patient record privileged under section 395.017(3), Florida Statutes, cannot be ordered in the course of a criminal or civil case until the patient is given an opportunity to be heard. See also State v. Wenger, 560 So.2d 347 (Fla. 5th DCA 1990).
WRIT GRANTED; ORDER QUASHED in part.
COWART and HARRIS, JJ., concur.
NOTES
[1] Section 395.017(3), Florida Statutes provides:

(3) Patient records shall be confidential and shall not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent to:
(a) Hospital personnel for use in connection with the treatment of the patient.
(b) Hospital personnel only for internal hospital administrative purposes... .
(c) The Health Care Cost Containment Board.
(d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his legal representative.
(e) The Department of Professional Regulation....
(f) The department or its agent, for the purpose of establishing and maintaining a trauma registry... .
(g) The State Nursing and Long-Term Care Facility Ombudsman Council... .
[2] We do not imply the statutory privilege is the hospital's to waive, merely that petitioner cannot complain of an order that is consistent with its own conduct and legal position.
[3] McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991); Amisub (North Ridge Hosp.), Inc. v. Kemper, 543 So.2d 470 (Fla. 4th DCA 1989); Ventimiglia v. Moffitt, 502 So.2d 14 (Fla. 4th DCA 1986).
[4] We do not imply a litigant is entitled to the names of other patients in order to seek disclosure of their records. It just happens in this case that the hospital's response to the request has led to discovery of the names.
[5] We infer from the order under review that, in this case, this finding was already made.