PER CURIAM.
The petitioner, Ohio Casualty Insurance Company (Ohio Casualty), seeks certiorari review of the trial court’s order denying its motion for protective order. The order compels two of Ohio Casualty’s out-of-state employees to appear in Florida for their depositions and to bring with them specified documents. We uphold the order insofar as it requires Ohio Casualty to produce the deponents in Florida but quash that part directing the production of documents.
Based on this record, we cannot say that the trial court departed from the essential requirements of law in requiring Ohio Casualty to produce the nonresident individuals for deposition in Florida. The document production, however, is a different matter. Ohio Casualty’s timely motion for protective order asserted objections based on work product and attorney-client privilege.[1] The trial court’s order failed to address the objections and thereby protect the production of the privileged documents. Hence, the trial court departed from the essential requirements of law in compelling production of all the documents requested.
Accordingly, we grant the petition in part and deny the petition in part. On remand, the trial court should address the cost issue previously raised by the parties.
FRANK, C.J., and DANAHY and ALTENBERND, JJ., concur.

. The deposition notices, which were titled "duc-es tecum,” scheduled the depositions for fewer than thirty days from the date of service of the notices. Ohio Casualty should have been afforded thirty days to submit written objections to what was essentially a document request. See Fla.R.Civ.P. 1.350. We do not condone any practice that attempts to circumvent the time frames and procedures set forth in the rules.