641 So.2d 453 (1994)
James A. STAMAN, M.D., Petitioner,
v.
Deborah LIPMAN and Aaron Lipman, Respondents.
No. 93-3904.
District Court of Appeal of Florida, First District.
August 12, 1994.
Dawn D. Caloca, Tallahassee, for petitioner.
No appearance for respondents.
JOANOS, Judge.
Petitioner, James A. Staman, M.D., the defendant in a medical malpractice action, seeks certiorari review of a November 5, 1993, order of the trial court directing him to furnish the name of each patient who would have been on his office "sign-in" logs for March 5, 1991, and March 7, 1991, and the time each person appeared in his office.[1] We grant the petition and quash the order under review.
Counsel for respondents/plaintiffs in this proceeding filed a notice to take the deposition of petitioner, Dr. Staman, directing him to produce copies of all medical records pertaining to plaintiff Deborah Lipman, and *454 copies of the sign-in patient appointment logs for all patients who signed the in-patient appointment logs in Dr. Staman's office, acknowledging they were present for appointments on March 5, 1991, and March 7, 1991. When it became known that the patient login sheets were discarded once their purpose had been achieved, i.e., to alert Dr. Staman's staff that a particular patient was present for his or her appointment, the trial court issued an order directing petitioner to furnish the name of each person who would have been on his sign-in logs for March 5, 1991, and March 7, 1991, and the time they appeared in petitioner's office. The order further provided that petitioner was not required to produce any information except that which would appear on the daily sign-in log.
Subsequently, petitioner/defendant filed a motion for reconsideration, and an attached proposed amended order on petitioner's objection to producing patient names from his appointment book. Petitioner alleged that the issues involved are whether Dr. Staman obtained appropriate informed consent from Ms. Lipman/plaintiff, and whether Dr. Staman properly performed the retrobulbar injection. Petitioner further alleged that the "possible witnesses" plaintiff sought to discover would have no substantive information to impart, and that disclosure of the patients' names would embarrass Dr. Staman, and would violate each patient's right to privacy.
Upon receipt of the petition for common law certiorari, this court issued an order directing respondents to show cause why the petition should not be granted. There has been no response to that order. Therefore, we accept the issues and factual allegations as stated by petitioner. Since only Dr. Staman, Deborah Lipman, and nurses, would have been present during the conversations about the procedure or during the procedure, the possible witnesses sought to be discovered would have no substantive information regarding respondent's allegations that Dr. Staman deviated from the standard of care. Petitioner contends the information sought is irrelevant to any issue involved in the litigation, and the trial court departed from the essential requirements of law when it ordered Dr. Staman to produce a list of patient names from his appointment book. We agree.
Certiorari is the appropriate vehicle for relief from non-final orders granting discovery. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987); Procter & Gamble Co. v. Swilley, 462 So.2d 1188, 1192 (Fla. 1st DCA 1985); Ormond Beach First National Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239 (Fla. 1st DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967); Fortune Insurance Co. v. Santelli, 621 So.2d 546, 547 (Fla. 3d DCA 1993). "To obtain relief by certiorari, the petitioner must demonstrate that the order being challenged (1) constitutes a departure from the requirements of law, (2) will cause the petitioner material harm, and (3) cannot be adequately remedied by appeal." Adelman Steel Corp. v. Winter, 610 So.2d 494, 496 (Fla. 1st DCA 1992). See also Martin-Johnson, Inc. v. Savage, 509 So.2d at 1099.
The general rule regarding discovery orders in medical malpractice actions favors nondisclosure of the names of patients who are not parties to the action. The rule is predicated on the recognition that such information is irrelevant to the question whether the doctor used a standard of care commensurate with community standards, and the disclosure of the identity of nonparty patients constitutes an invasion of their privacy. See Haywood v. Samai, 624 So.2d 1154 (Fla. 4th DCA 1993); McCann v. Foisy, 552 So.2d 341 (Fla. 4th DCA 1989); Argonaut Insurance Co. v. Peralta, 358 So.2d 232 (Fla. 3d DCA), cert. denied, 364 So.2d 889 (Fla. 1978).
Hospital emergency room patient sign-in logs were deemed discoverable in Big Sun Healthcare Systems, Inc. v. Prescott, 582 So.2d 756 (Fla. 5th DCA 1991). There, the court reasoned that the sign-in logs contain limited information, and patients can have no reasonable expectation of privacy with respect to the logs, because every patient who signs in can view the names of the patients who had signed previously. We consider Prescott distinguishable, in that, unlike the instant case, the Prescott ruling concerned hospital records which, by statute, *455 were subject to limited disclosure,[2] and which the hospital initially produced voluntarily, albeit with patient names excised. In contrast, this case concerns the sign-in logs from a physician's private office, which the physician was ordered to reproduce by referring to his patient appointment book. We conclude the nonparty patients of a private physician have a privacy interest in not having their names revealed to a plaintiff in a medical malpractice action. Moreover, the names of petitioner's patients who are not parties to this action can have no relevance to the issues in this case, i.e., whether petitioner obtained informed consent from Deborah Lipman, and whether he deviated from the community standard of care in his treatment of Ms. Lipman. Disclosure of these patients' names would violate the privacy interests of nonparty patients, and would cause irreparable injury to petitioner's professional reputation, which harm cannot be remedied by an appeal.
Accordingly, we grant the petition for writ of common law certiorari, and quash the order compelling reproduction of petitioner's patient sign-in sheets for March 5, 1991, and March 7, 1991.
WRIT OF CERTIORARI GRANTED; ORDER QUASHED.
WEBSTER, J., concurs.
ZEHMER, C.J., dissents with opinion.
ZEHMER, Chief Judge (dissenting).
I would deny the petition for writ of certiorari. The order under review only requires disclosure of names that appear on the "sign in" log in the doctor's office. This information was apparently open and available for inspection by all persons who signed in at the doctor's office on a given day. Therefore, this information does not implicate the privacy interests of the patients who signed the log, as each patient necessarily had to sign it with knowledge that other persons coming to the office could and would see the names of all patients on the log. See Big Sun Healthcare Systems, Inc. v. Prescott, 582 So.2d 756 (Fla. 5th DCA 1991). The "sign in" log is not the same as the doctor's appointment book, which usually is confidential and not available for inspection by other patients. The petition for certiorari under review does not demonstrate that the trial court's discovery order violates any legally enforceable privacy interests of the other patients on the "sign in" log, and thus it fails to establish any departure from the essential requirements of law in this regard.
Moreover, the petition does not provide this court with sufficient information to determine that any information which could be obtained from the named patients would be undiscoverable as wholly irrelevant and unlikely to lead to the discovery of admissible evidence.
NOTES
[1] Initially, respondents/plaintiffs sought petitioner's patient appointment logs for March 5, 1991, and March 7, 1991. When it was ascertained that Dr. Staman's office staff discards the "sign-in" logs for a particular date at the end of that day, the trial court directed petitioner to reproduce the logs for the requested dates from his office records.
[2] See § 395.017(3), Fla. Stat. (1991).