673 So.2d 948 (1996)
COMMUNITY PSYCHIATRIC CENTERS OF FLORIDA, INC., a Florida corporation, d/b/a Fort Lauderdale Hospital, Petitioner,
v.
Michael BEVELACQUA, Respondent.
No. 95-4227.
District Court of Appeal of Florida, Fourth District.
May 22, 1996.
*949 Robert I. Buchsbaum of Conroy, Simberg & Lewis, P.A., Hollywood, for petitioner.
John Fuller of Law Offices of John Fuller, P.A., Miami Beach, for respondent.
SHAHOOD, Judge.
This action arises from an incident that occurred while respondent, Michael Bevelacqua, was a patient at a psychiatric hospital owned by petitioner, Community Psychiatric Centers of Florida, Inc. (CPC). Specifically, it is alleged that respondent was injured on CPC's premises when the chair he was sitting on collapsed. Respondent brought a cause of action against CPC for negligence, breach of contract and promissory estoppel.
CPC now petitions this court for a writ of certiorari quashing the trial court's order directing it to release to respondent the names and addresses of certain former patients of CPC who witnessed the incident, as well as the identity of a patient involved in a prior similar incident. Because we find the trial court's order to constitute a departure from the essential requirements of the law and will cause petitioner harm with no adequate remedy on appeal, we grant CPC's petition for writ of certiorari and quash the order.
Respondent had propounded witness interrogatories to petitioner seeking to discover the names and addresses of persons who had knowledge of the incident in question, as well as the names of other patients who had been involved in similar incidents prior to the incident in question. Petitioner responded to the interrogatories by stating that two patients witnessed the incident and further acknowledged that a prior incident involving a similar chair had occurred approximately one month before. Petitioner did, however, refuse to identify any of the persons involved, maintaining that the information sought was confidential and privileged.
Respondent then filed a motion to compel, pursuant to which the trial court entered an order directing CPC to release to respondent the names and addresses of the former patients who witnessed the incident and the identity of the patient who was involved in the prior similar incident. The trial court provided that the witnesses had ten (10) days from the date of entry of its order to file written objections to the release of this information to respondent. In the event that no objections were filed, CPC was required to produce the names to respondent within twenty (20) days of date of entry of the order. The order also addressed the possible depositions of these witnesses, stating that respondent was not permitted to "inquire into the medical or psychologic conditions *950 of the deponents or the fact or circumstance [of] their admission to the hospital."
Certiorari is the appropriate vehicle for relief from non-final orders granting discovery. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).
To obtain relief by certiorari, the petitioner must demonstrate that the order being challenged (1) constitutes a departure from the [essential] requirements of law, (2) will cause the petitioner material harm, and (3) cannot be adequately remedied by appeal.
Staman v. Lipman, 641 So.2d 453, 454 (Fla. 1st DCA 1994; see also, Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996); Martin-Johnson, 509 So.2d at 1099.
Chapter, 394, Part I, Florida Mental Health Act and section 394.459, Florida Statutes (1993), entitled "Rights of Patients," provides in relevant part:
(9) Clinical record; confidentiality.A clinical record for each patient shall be maintained. The record shall include data pertaining to admission and such other information as may be required under rules of the department. A clinical record is confidential and exempt from the provisions of Sec. 119.07(1). Unless waived by express and informed consent by the patient or the patient's guardian or, if the patient is deceased, by the patient's personal representative or by that family member who stands next in line of intestate succession, the confidential status of the clinical record shall not be lost by either authorized or unauthorized disclosure to any person, organization, or agency. No part of the clinical record shall be released, except:
....
(b) The record shall be released to persons authorized by order of court, excluding matters privileged by other provisions of law. In determining whether there is good cause for disclosure, the court shall weigh the need for the information to be disclosed against the possible harm of disclosure to the person to whom such information pertains.
In light of this statute, we find the trial court's order to constitute a departure from the essential requirements of law in two ways. First, although section 394.459(9)(b) permits court-ordered release of confidential patient information, it appears that the trial court, by its order, had contemplated a waiver of confidentiality by the patients involved. However, section 394.459(9) expressly provides that clinical records are confidential and that confidentiality may be waived only by "express and informed consent" of the patient or his or her guardian. Despite this provision, the trial court's order in the instant case can be read as providing that a patient will waive his or her right to confidentiality by simply failing to file written objections to the release of his or her identity to respondent. Given that such "waiver by silence" is contrary to the plain language of the statute, we find it to be a departure from the essential requirements of law.
Further, even if the trial court's order is read only as court-ordered release of the confidential information, pursuant to section 394.459(9)(b), we disagree with the trial court's implicit conclusion that respondent's need for the information to be disclosed outweighed the possible harm of disclosure to the patients. This is not a case in which respondent sought information from confidential medical records which could have been provided in a redacted form to protect the patients' anonymity. Rather, by his request, respondent specifically sought the names and addresses of patients of the psychiatric hospital for future deposition regarding the incident in question or similar incident. Cf. Amente v. Newman, 653 So.2d 1030 (Fla.1995) (requiring a physician in a medical malpractice action to produce medical records of patients involving a similar medical condition did not violate the patients' right of privacy and confidentiality where trial court ordered all identifying information to be redacted); Amisub, Inc. v. Kemper, 543 So.2d 470 (Fla. 4th DCA 1989), approved by, Amente, 653 So.2d at 1030 (order compelling defendant hospital to produce copies of records of other patients who underwent certain specified procedures on same day as plaintiff's decedent was not abuse of discretion, where court took steps to protect confidentiality *951 of other patients by requiring deletion of names).
Although relevant to enable respondent to rebut CPC's contention that respondent may have contributed to the accident by his own negligence, we find that respondent's need for this information does not outweigh the right of privacy and confidentiality of the non-party patients of the psychiatric hospital who may have witnessed the accident. Moreover, as to the prior similar incident, we note that respondent may be able to obtain the relevant information while maintaining the patients' anonymity by obtaining the relevant records of the prior incident in redacted form. See Amente.
Here, the trial court's order improperly provided that the patients would waive their right to privacy merely by failing to file written objections within a ten-day period, in contravention of the requirement in section 394.459 that waiver of confidentiality be given only by "express and informed consent." Further, to the extent that the order can be considered a court-ordered release authorized by section 394.459(9)(b), we find that respondent's need for disclosure of the patients' identities did not outweigh the patients' rights of privacy and confidentiality. Therefore, we grant a writ of certiorari and quash the trial court's order.
GUNTHER, C.J., concurs.
PARIENTE, J., dissents with opinion.
PARIENTE, Judge, dissenting.
The effect of the majority's opinion is to prevent respondent (plaintiff) from being able to discover and depose essential eyewitnesses to his fall which occurred while he was a patient at respondent's (defendant) facility. Defendant, on the other hand, has knowledge of these witnesses' identities, and thus has the ability to contact them to determine whether these witnesses can provide helpful or harmful testimony to defendant.
In my opinion, the trial court's order is narrowly drawn to maximize protection of the patients' privacy and to balance the need for the information to be disclosed against the possible harm of disclosure as contemplated by section 394.459(9)(b), Florida Statutes (1995). First, the order provides an opportunity for the patients to object to the disclosure. While I agree that this provision does not equate with an express waiver pursuant to section 394.459(9), it does evince the trial court's sensitivity to the confidentiality concerns of the statute.
If the subject witnesses have no objection to the release of their identity, then the entire issue of confidentiality becomes moot. If the subject witnesses object, then the trial court may re-weigh the need for disclosure against possible resulting harm from disclosure of the patient's identity. Upon the patient's request, the trial court could further protect the patient's privacy by taking such steps as sealing the deposition or utilizing the patient's initials.
Reflecting further sensitivity to the competing demands, the trial court's order limits disclosure to the patients' names and addresses. The order does not provide for any disclosure of the contents of the patients' clinical record, which is the essence of the protection set forth in section 394.459(9). Lastly, the order limits the scope of the deposition to the facts and circumstances of the incident and provides that plaintiff "shall not inquire into the medical or psychologic condition of the deponents or the fact or circumstance [of] their admission to the hospital."
The testimony of eyewitnesses to an accident is critically important and directly relevant to the issues presented in this negligence case. None of the cases which have limited disclosure by redacting patients' names from the record involved witnesses to an accident. See, e.g., Amente v. Newman, 653 So.2d 1030 (Fla.1995). In conclusion, I do not see how the trial court's order departed from the essential requirements of law. By the entry of its very narrowly-drawn order, the trial court properly balanced the patient's privacy considerations against the need for the information to be disclosed. The trial court's order balances the scales of justice by providing plaintiff with critical information to which defendant already has access.