674 So.2d 923 (1996)
COLONIAL MEDICAL SPECIALTIES of SOUTH FLORIDA, INC., a Florida corporation, Petitioner,
v.
UNITED DIAGNOSTIC LABORATORIES, INC., a Florida corporation, et al., Respondents.
No. 95-4381.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and John R. Howes, P.A., Fort Lauderdale, for petitioner.
Adam G. Heffner of Schneider & Heffner, Boca Raton, for respondent United Diagnostic Laboratories, Inc.
PER CURIAM.
We grant the Petition for writ of certiorari and quash the discovery order of the trial court, compelling petitioner medical offices to provide addresses and telephone numbers of some 300 patients to respondent medical laboratory. Respondent sued petitioner, among other things, for breach of contract over alleged non-payment for certain patient blood work petitioner sent to respondent laboratory for testing. The nature of the dispute, and the fact that respondent may already have in its records some of this patient information, does not negate the rights of such non-party patients to privacy and confidentiality as to their personal information. Amente v. Newman, 653 So.2d 1030 (Fla.1995) (acknowledging that non-party patients' rights of privacy and confidentiality of their medical records are protected where trial court requires that all identifying information be redacted from medical records to be produced in medical malpractice action); *924 Haywood v. Samai, 624 So.2d 1154 (Fla. 4th DCA 1993).
Here, it appears the trial court failed to conduct any in-camera inspection of the records to ascertain whether they contained privileged information. From a practical standpoint, such in-camera inspection would probably be unnecessary if the court simply ordered personal information as to patient identities, addresses and phone numbers redacted as in Amente. We recognize that is the very information respondent is trying to obtain, but it has failed to meet its burden to show any need for this discovery which would override the privacy rights of these non-party patients. Such an order is a departure from the essential requirements of law which would cause material harm for which there is no adequate remedy on appeal.
PETITION FOR WRIT OF CERTIORARI GRANTED; ORDER QUASHED.
GUNTHER, C.J., and GLICKSTEIN and POLEN, JJ., concur.