PER CURIAM.
Northrup Grumman Corporation petitions for certiorari review of discovery orders requiring it to produce documents and answer interrogatories in an action brought against it for an equitable bill of discovery. Northrup has complied with much of the discovery requests, but has asserted that further compliance would go beyond the scope of a bill of discovery and would require them to submit data acquired as work product.
We agree that Northrup has submitted information to the plaintiff that meets the scope of a bill of discovery so that the latter may identify potential defendants, theories of liability, and gain information sufficient to determine the manner in which the accident occurred. See Sunbeam Television Corp. v. Columbia Broadcasting System, Inc., 694 F.Supp. 889, 892 (S.D.Fla.1988); Adventist *214 Health System/Sunbelt, Inc. v. Hegwood, 569 So.2d 1295 (Fla. 5th DCA 1990). A bill of discovery may not be used “as a fishing expedition to see if causes of action exist.” Mendez v. Cochran, 700 So.2d 46, 47 (Fla. 4th DCA 1997), quoting Publix Supermarkets, Inc. v. Frazier, 696 So.2d 1369, 1371 (Fla. 4th DCA 1997). We grant the petition for writ of certiorari and quash the discovery orders under review.
PETITION GRANTED; ORDERS QUASHED.
GRIFFIN, C. J., and DAUKSCH and PETERSON, JJ., concur.