720 So.2d 324 (1998)
COASTAL PHYSICIAN SERVICES OF BROWARD COUNTY, INC. and Healthcare Business Resources, Inc., Petitioners,
v.
Carmen ORTIZ, Respondent.
No. 98-1564.
District Court of Appeal of Florida, Fourth District.
November 18, 1998.
*325 Paul H. Field of Lane, Reese, Aulick, Summers & Field, P.A., Coral Gables, for petitioners.
Marshall J. Osofsky and Louis M. Silber of Lewis, Vegosen, Rosenbach, Silber & Dunkel, P.A., and Philip L. Valente, Jr. of Valente & Natale, L.L.C., West Palm Beach, for respondent.
WARNER, Judge.
In an action against it for violation of the Florida Consumer Collection Practices Act and the Florida Deceptive and Unfair Trade Practices Act, petitioner, Coastal Physicians Services of Broward County, seeks certiorari review of an order of the trial court directing it to produce for inspection documents it may have containing the names of any persons to whom a particular form bill was sent, which the respondent alleges was a violation of the foregoing statutes. Petitioners, who provide emergency physicians to hospitals together with a billing service for those physicians, claim that the order of production invades the privacy rights of third parties and is overly burdensome. The trial court denied the objections and ordered production of the document. We deny relief.
Respondent Ortiz filed a complaint against petitioners alleging a violation of the Florida Consumer Collection Practices Act. The claims arose from the collection of a health care/medical bill incurred by Ortiz. In a second amended complaint, Ortiz added a claim for a class action against petitioners and filed a notice of taking a deposition at which she requested production of:
Any and all documents, computer records, computer tape or discs or other medium containing information relating or pertaining in any way to any and all persons in every state and country to whom the attached form of document is, was, would have been and/or may have been sent.
The attached document was a form bill for collection of payment for health care services. It contained no information regarding the patient's medical care, but merely listed a balance due. On the back of the bill, there was information regarding the patient's insurance coverage.
While petitioners provided some material requested, they objected to the production of the foregoing items on the ground that it violated the privacy rights of nonparties. In addition, at the hearing on petitioners' objections, their counsel informed the court that about 400,000 invoices had been sent to Florida residents, 100,000 to Texas residents, *326 400,000 to North Carolina residents and about 50,000 to South Carolina residents. Petitioners argued that since the asserted causes of action were Florida-based, which residents of other states would not be able to assert against petitioners, the range of discovery was overbroad and irrelevant. The trial court overruled petitioners' objections.
Certiorari lies to review discovery orders which depart from the essential requirements of law and thereby cause material injury to the petitioner, effectively leaving no adequate remedy on appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995). Where a discovery order compels production of matters which implicate privacy rights, the element of irreparable harm is demonstrated. See Rasmussen v. South Florida Blood Serv., Inc., 500 So.2d 533, 536-37 (Fla.1987). In this case, the requests do not seek information relating to medical care furnished to third parties; rather, the requests seek a list of the persons to whom a form bill may have been sent. Even if the only way to produce the requested information was to copy each individual's bill, the copied document would not detail any patient's treatment. Accordingly, the document would not be considered a "medical record" which reveals intimate information regarding the patient. These invoices list the party's name and address and the balance due on the account. They do not list the services provided and do not even list the treating physician.
Petitioners argue that the invoices are protected by the right of privacy. We deem those cases determining that medical records are protected by the right of privacy as inapposite. However, in Colonial Medical Specialties of South Florida, Inc. v. United Diagnostic Laboratories, Inc., 674 So.2d 923 (Fla. 4th DCA 1996), we granted a petition for certiorari and quashed an order requiring a medical office to provide patients' addresses and telephone numbers to the respondent-laboratories where the respondent's suit against petitioner involved the non-payment for certain patients' blood work. We said that "[t]he nature of the dispute, and the fact that respondent may already have in its records some of this patient information, does not negate the rights of such non-party patients to privacy and confidentiality as to their personal information." Id. at 923. However, we highlighted that the trial court failed to conduct an in camera inspection to see if the records contained privileged information. We also noted, "[w]e recognize that [names, addresses and phone numbers] is the very information respondent is trying to obtain, but it has failed to meet its burden to show any need for this discovery which would override the privacy rights of these non-party patients." Id. at 924. For the following reasons, we conclude that respondent has met her burden in this case.
In the instant case, respondent has requested class action status for her lawsuit, alleging that all persons who received this specific billing notice are members of the class. The prerequisites of maintaining a class action are set forth in Florida Rule of Civil Procedure 1.220(a) and require the court to conclude:
(1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
With regard to Rule 1.220, in Frankel v. City of Miami Beach, 340 So.2d 463, 469 (Fla.1976), the supreme court noted that
[i]n the average class action the information needed to satisfy the requirements of the rule ... can only be obtained through discovery. Consequently, trial courts should reserve ruling on a motion to dismiss until the party seeking to represent or maintain an action against a class has had the opportunity to employ sufficient discovery to ascertain the necessary information that must be plead.
Similarly, in the case at bar, the information sought by respondent is the very information that is needed to determine whether a class *327 action can be maintained. Thus, the information was relevant to the claims asserted. Because it is billing information which contains no privileged information and lists only names and addresses that are necessary for respondent to ascertain the size and membership of the class, we hold that the trial court did not depart from the essential requirements of law in ordering its production. We distinguish Colonial Medical Specialties on the ground that here respondent showed both need and relevance of the information sought.
We are also unconvinced by petitioner's assertion that production of the documents would be overly burdensome. Other than the number of potential recipients of the form bill, petitioner has made no showing that the disk or computer tape would require substantial effort to produce. In fact, we think that the information may be very easily retrieved from the computer.
Finally, petitioners contend that, at the most, discovery should be limited to Florida residents because a class including non-residents would be improper as the claims are for violation of Florida statutes. The only case they cite in support of their proposition that the class should be limited to Florida residents is R.J. Reynolds Tobacco Co. v. Engle, 672 So.2d 39 (Fla. 3d DCA 1996), rev. denied, 682 So.2d 1100 (Fla.1996), which is distinguishable. In Engle, the class as certified by the trial court included all citizens of the United States who have suffered or died from medical conditions caused by smoking. The third district determined that because individual hearings would have to be held for each class member on the issue of damages, the courts of Florida should not be burdened with hearing all of the cases. Thus, the limitation of the size of the class to the citizens of Florida so affected was a policy decision necessitated by the effect of class certification on the state judicial system itself. See id. at 41. These concerns are not as yet present in this record.
Thus, the trial court did not depart from the essential requirements of law in ordering the production, and we deny the petition for writ of certiorari.
GROSS, J., concurs.
POLEN, J., concurs in part and dissents in part.
POLEN, Judge, concurring in part and dissenting in part.
I disagree with the majority's denial of certiorari as to that part of the trial court's discovery order which compels production of billing forms sent to recipients in states other than Florida. I agree with petitioner's argument that respondent's claims are limited to Florida statutory claims, which would preclude inclusion of out-of-state individuals in any potential class action. To that extent, I would hold that the trial court departed from the essential requirements of law, resulting in irreparable injury not addressable by plenary appeal. I concur with the majority's denial of certiorari in all other respects.