780 So.2d 337 (2001)
DELTA HEALTH GROUP, INC., Petitioner,
v.
Betty WILLIAMS, etc., Respondent.
No. 5D00-3701.
District Court of Appeal of Florida, Fifth District.
March 30, 2001.
*338 Henry W. Jewett, II, and David R. Kuhn of Rissman, Weisberg, Barrett, Hurt, Donahue & McClain, P.A., Orlando, for Petitioner.
Steven R. Maher and Robin Orosz Sharp of Maher Guiley and Maher, P.A., Orlando, for Respondent.
PER CURIAM.
Delta Health Group, Inc. seeks certiorari review of an order overruling its objection to an interrogatory. We have jurisdiction to review interlocutory orders compelling responses to interrogatories. See Fla. R.App. P. 9.030(b)(2); Northrup Grumman Corp. v. Swope, 717 So.2d 213 (Fla. 5th DCA 1998); National Security Fire and Casualty Co. v. Dunn, 705 So.2d 605 (Fla. 5th DCA 1997). We grant the petition, quash the order and remand.
Betty Williams, as Personal Representative of the Estate of Johnnie Jackson, filed an action against several defendants, including Delta Health Group, Inc., which managed Fairview Manor, the nursing home facility where Mr. Jackson resided until his death. The amended complaint alleged that while Mr. Jackson resided at Fairview Manor, he was subjected to physical and psychological abuse and neglect, and suffered physical and mental pain as a direct and proximate result of the actions or inactions of Fairview Manor, and their agents and employees. The complaint alleged further that Mr. Jackson was denied his resident's rights under section 400.022, Florida Statutes (2000), and consequently suffered various physical injuries including, but not limited to, decubitus ulcers and gangrene resulting in amputation, dehydration, scarring and disfigurement. It is additionally alleged that as a further direct and proximate result of the acts and omissions of Fairview Manor, Mr. Jackson died on January 26, 1999.
The plaintiff served interrogatories on Delta, and interrogatory number 3 sought the following information:
Please identify fully all individuals who are residents at Fairview Manor during the following periods of time: 1/12/94 to 1/4/97; 1/10/97 to 2/11/97; 2/13/97 to 2/27/97; 3/5/97 to 9/24/97; 9/30/97 to 4/20/98; 8/13/98 to 11/13/98 and 11/24/98 to 1/26/99.
"Identify fully" means to state the full name, current or last known address, and the name and address of any responsible party for each resident, if any.
Delta filed a timely objection to interrogatory number 3. The objection stated that the interrogatory was overly broad, unduly burdensome, vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Delta also asserted that the interrogatory sought information which was confidential and privileged and pertained to nonparty residents.
The plaintiff asserts that she did not ask for any confidential personal or medical records. She simply requested the names and addresses of the residents and former residents. However, the interrogatory at issue is overbroad.
Although the plaintiff may be trying to obtain information from the other residents concerning the quality of care *339 administered at the facility, this information is available through less intrusive means. The plaintiff has not shown that there is an overriding need for the names and addresses of every resident for the extensive periods of time designated by the plaintiff between January 12, 1994 and January 26, 1999. Cf. Colonial Medical Specialities of South Florida, Inc. v. United Diagnostic Laboratories, Inc., 674 So.2d 923 (Fla. 4th DCA 1996) (plaintiff laboratory in breach of contract action did not meet its burden to show the need for the addresses and phone numbers of approximately 300 patients of defendant medical office, as the need for this discovery would not override the privacy rights of the nonparty patients); Community Psychiatric Centers of Florida, Inc. v. Bevelacqua, 673 So.2d 948 (Fla. 4th DCA 1996) (although identities of patients who witnessed an accident at the defendant psychiatric facility might be relevant to rebut defendant's contention that plaintiff contributed to the accident by his own negligence, the plaintiffs need for the information would not outweigh the right of privacy of the nonparty patients).[1]
The interrogatory is overbroad. The petition is granted and the order permitting the discovery is quashed.
PETITION GRANTED; ORDER QUASHED.
HARRIS, PLEUS and PALMER, JJ., concur.
NOTES
[1] Because of our ruling herein, we do not reach the issue of whether disclosure of the names and addresses of patients of a nursing home, without more, improperly invades the right of privacy of the nonparty residents. We would note, however, that section 400.022(1)(m), Florida Statutes, creates a zone of personal privacy for residents confined in nursing homes, including confidentiality of personal and medical records. In any discovery dispute, the privacy concerns of the nonparty residents must be balanced against the need for the disclosure of their identities in a lawsuit. See, e.g., Beverly Enterprises-Florida, Inc. v. Deutsch, 765 So.2d 778 (Fla. 5th DCA 2000).