PER CURIAM.
We grant the petition because the trial court departed from the essential requirements of law in ordering petitioner, Donna Ross, a nonparty to produce the discovery requested by the respondent in the action below, without first conducting an in camera inspection to determine whether the need for the financial discovery here overrides the petitioner’s privacy rights. See Voytish v. Ozycz, 695 So.2d 1301 (Fla. 4th DCA 1997)(granting a petition for writ of certiorari and quashing the discovery order of the trial court compelling petitioner, a nonparty parent of the defendant below, to produce three years of tax returns where the respondent failed to meet his burden to show any need for the discovery which would override the privacy rights of the nonparty, holding that “before ordering the tax returns sought, the trial court must conduct an in camera review of the tax returns to ascertain whether they contain information relevant to the dispute between the parties.”).
Especially troubling in the present case is that, on the record before this court, counsel for the respondents admitted that the request for Ms. Ross’ bank statements was overly broad, and that he may not want “90 percent of the documents requested” from her.
Accordingly, under the facts here, we grant the petition, quash the trial court’s order, and remand for an in camera inspection. See Colonial Medical Specialities of South Florida, Inc. v. United Diagnostic Laboratories, Inc., 674 So.2d 923 (Fla. 4th DCA 1996).
GROSS, TAYLOR and MAY, JJ., concur.