940 So.2d 1202 (2006)
DEVEREUX FLORIDA TREATMENT NETWORK, INC., Petitioner,
v.
Kenneth McINTOSH, Individually, Etc., Respondent.
No. 5D06-1195.
District Court of Appeal of Florida, Fifth District.
October 27, 2006.
*1203 Hinda Klein of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for Petitioner.
Dean Mosley of Mosley and Mosley, Attorneys at Law, P.A., Orlando, and Thomas J. Brown of Brown and Brown, *1204 Attorneys at Law, P.A., Tallahassee, for Respondent.
PER CURIAM.
Devereux Florida Treatment Network, Inc., ("Devereux"), seeks certiorari review of an order overruling its objections to a subpoena duces tecum for trial. We grant the petition, and quash the order.
In 1999, Kenneth McIntosh filed suit against Devereux alleging that it was negligent in its care of his minor daughter. Devereux operates a private residential treatment facility for children with severe emotional and mental disorders. McIntosh's daughter was involuntarily committed into Devereux's facility, where it is alleged that she was raped by another Devereux patient, Levar Burke, in late 1995 or early 1996. According to McIntosh's complaint, Burke had a prior conviction for sexual assault, and Devereux failed to take reasonable steps to protect McIntosh's daughter from this known predator.
Discovery proceeded for six years, with a discovery cut-off of January 2, 2005, and trial set to begin two weeks later. On January 5, 2005, McIntosh served Devereux with a subpoena duces tecum for trial, which requested: (1) all records relating to Levar Burke; (2) all complaints, logs of calls or reports by Devereux clients to the Florida Department of Children and Families, ("DCF"), or the Florida Department of Health and Rehabilitative Services, ("HRS"), from 1993 to present; and (3) all investigative reports or documents maintained by or in the possession of Devereux. The records relating to Levar Burke had already been produced during discovery, and prompted no objection from Devereux. However, items (2) and (3) of the subpoena required Devereux to produce, at trial, documents that had either never been requested during discovery or, if requested, were properly objected to and never the subject of a motion to compel. Therefore, no materials responsive to items (2) or (3) were ever produced during the six-year discovery process.
On January 7, 2005, two days after service of the subpoena, Devereux's counsel filed its response to the subpoena and raised numerous objections to producing items (2) and (3) for trial, including various statutory privileges. At trial, which began on January 10, 2005, McIntosh's counsel complained when Devereux failed to produce all documents called for by the subpoena. Devereux argued that it had properly objected, and that McIntosh was attempting to misuse a trial subpoena to avoid the previously-imposed discovery deadlines.
The trial court would have acted well within its discretion if it had simply sustained Devereux's objection on procedural grounds. Absent extraordinary circumstances not apparent here, a party should not be allowed to use a trial subpoena as a substitute for a timely request for production of documents. E.g., Ohio Casualty Ins. Co. v. Jackman, 621 So.2d 531 at n. 1 (Fla. 2d DCA 1993) ("We do not condone any practice that attempts to circumvent the time frames and procedures set forth in the rules [of civil procedure]."). While there is no requirement that every document sought for production at trial must have been the subject of a prior discovery request, in this case it appears from our review of the record that McIntosh's broad subpoena was a "fishing expedition." In fact, McIntosh never even attempted to articulate why the subpoenaed documents were needed for trial. Instead, he argued that the documents might ultimately lead to the discovery of admissible evidence. However, discovery had ended. The trial had started. The issue, at that point, should not have been whether the documents were discoverable, but whether *1205 McIntosh could demonstrate that they were needed for trial. Since McIntosh admitted that he could not even assess whether the documents would be relevant to any issue in the litigation unless they were first produced for review, he certainly could not demonstrate their necessity for trial.
However, instead of simply sustaining Devereux's objection, the trial judge attempted to oversee the new discovery dispute during the course of the trial, ordering documents for inspection, conducting multiple hearings, and reviewing documents with counsel. Ultimately, the judge determined that he could not simultaneously conduct the trial and oversee resolution of the discovery issues raised by the trial subpoena. So, on the fifth day of trial, the judge declared a mistrial, sent the jury home, and continued dealing with the issues raised by the subpoena. Ultimately, the court overruled Devereux's objections and ordered production of the documents. We find that this ruling constituted a departure from the essential requirements of the law in that it requires Devereux to produce certain documents that are clearly privileged, with no showing that the documents are relevant to any issue in the litigation.
First, Devereux was ordered to produce records that included all abuse reports to HRS. However, under section 39.202, Florida Statutes, all unfounded reports of child abuse (until September 30, 1995), are privileged and inadmissible in any private negligence action. Therefore, an order requiring production of documents evidencing any unfounded reports of child abuse (covering this period) constitutes a departure from the essential requirements of the law. E.g., Cebrian ex rel. Cebrian v. Klein, 614 So.2d 1209 (Fla. 4th DCA 1993).
Second, Devereux was ordered to produce documents that may include clinical psychiatric records of its patients. Under section 394.4615(1), Florida Statutes, these records are to be kept confidential unless confidentiality is "waived by express and informed consent, by the patient or the patient's guardian." Where there is no express waiver, a court may order production of clinical records, but only upon a finding that the need for disclosure outweighs the possible harm to the patients whose records are being sought. E.g., Community Psychiatric Centers of Florida, Inc. v. Bevelacqua, 673 So.2d 948 (Fla. 4th DCA 1996). In this case, the trial court did not even attempt to weigh the need for disclosure against the interest of the other patients at Devereux whose records McIntosh sought. Instead, the judge simply ruled that although the vast majority of the records appeared to have no relevance to any issue in the litigation, production could "theoretically" lead to the discovery of admissible evidence. This constituted a departure from the essential requirements of the law. Id.[1]
Third, although certiorari generally will not lie to address an order requiring the production of irrelevant documents, Colbert v. Rolls, 746 So.2d 1134 (Fla. 5th DCA 1999), we fail to see how reports regarding incidents occurring years after Devereux's alleged negligence in this case could be even remotely relevant to any issue to be raised at the trial of this case. See Tanchel v. Shoemaker, 928 So.2d 440 (Fla. 5th DCA 2006) (granting certiorari *1206 and quashing discovery order requiring production of patient records generated years after alleged negligence). Therefore, McIntosh's trial subpoena was so clearly overbroad that the trial court's order overruling Devereux's objections constituted a departure from the essential requirements of the law. Id.
For these reasons, we grant the petition for writ of certiorari, and quash the order under review.
PETITION GRANTED; ORDER QUASHED.
PALMER, MONACO and LAWSON, JJ., concur.
NOTES
[1] Devereux argues that some of the documents were also protected from discovery by section 456.057, Florida Statutes (providing limited confidentiality for medical records) and section 90.503, Florida Statutes (the psychotherapist-patient privilege). Given our decision to quash the trial court's order on other grounds, we need not address these issues.