On Petition for Writ of Certiorari Granted

RAMIREZ, J.
This is a petition seeking to quash a discovery order which compels the disclosure of the identity of patients’ names and addresses. We grant the petition because the discovery order violates the right to privacy of these patients.
Petitioner, Dr. Mark Sachs, is a licensed Florida medical practitioner who specializes in the treatment of HIV infected patients and patients suffering from AIDS. Immunecare is a pharmacy solely owned by Dr. Sachs that purchased pharmaceutical products from Respondent, Innovative Healthcare, Inc., a wholesale distributor of pharmaceutical products. A dispute arose between Immunecare and Innovative over amounts owed for pharmaceutical and infusion products which Immunecare allegedly ordered, received, and failed to pay for. Innovative filed the underlying lawsuit against Immunecare and Dr. Sachs, alleging breach of contract or quantum meruit, tortious interference with a business relationship, defamation, open account, and account stated.
Innovative issued sixteen requests for production and twenty-five interrogatories to Sachs and Immunecare. Immunecare objected to three of the requests for pro- *357 duetion and three of the interrogatories. The requests for production related to orders for products and supplies, forms of payment used for orders placed and received, and Medicare and Medicaid billing records for products and supplies. The interrogatories sought the names, addresses, and telephone numbers of persons with knowledge of the issues in the lawsuit, the names of patients for which Dr. Sachs and Immunecare transferred services and products to another pharmacy, and the dates and the reasons for such transfers.
Immunecare argues that the discovery requires disclosure of patients’ identities and medical conditions which violates the patients’ rights to privacy and due process rights, the physician-patient privilege, and the statutory prohibitions against the unauthorized disclosure of information disclosed to a health care practitioner in the course of care and treatment, as well as the disclosure of HIV patients’ names and test results. Innovative moved to compel production and Immunecare moved for a protective order.
In its order on Innovative’s motion to compel discovery, the trial court overruled each of Immunecare’s objections relating to patient-specific information, including patient identity, medical condition, and disclosure of communications in the course of care and treatment. The trial court required Immunecare to answer most of the interrogatories, including the interrogatory involving the disclosure of the names, addresses, and telephone numbers of any patient witnesses relevant to Innovative’s claim for defamation. Additionally, the trial court entered an order which required the production of the objected to documents, but allowed redaction of patient-specific information in the documents produced. The trial court stayed its order for thirty days pending review in this Court. We grant the petition for writ of certiorari and quash the order entered below.
Section 456.057(5), Florida Statutes (2000), which concerns ownership and control of patient records, provides:
... records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient.
Subsection (6) of that same statute further provides:
Except in a medical negligence action or administrative proceeding when a health care practitioner or provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care practitioners and providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
This statute, formerly section 455.241, Florida Statutes (1993), creates a physician-patient privilege, rendering confidential a patient’s medical records except in the limited circumstance of a health care provider who reasonably expects to be named as a defendant in a medical negligence action. Acosta v. Richter, 671 So.2d 149, 156 (Fla.1996).
Section 381.004(3)(e), Florida Statutes (2000), which deals with HIV testing, provides:
No person who has obtained or has knowledge of a test result pursuant to *358 this section may disclose or be compelled to disclose the identity of any person upon whom a test is performed, or the results of such a test in a manner which permits identification of the subject of the test ... [except under strictly delineated circumstances set forth in this section].
Innovative contends that Immune-care has already violated the claimed privileges by giving Innovative the statutorily protected information at the time in which it placed its orders, or because it had the written consent of the patients to make such disclosures via prescription orders. However, “[t]he nature of the dispute, and the fact that respondent may already have in its records some of this patient information, does not negate the rights of such non-party patients to privacy and confidentiality as to their personal information.” Colonial Med. Specialties of S. Fla., Inc. v. United Diagnostic Labs., Inc., 674 So.2d 923, 923 (Fla. 4th DCA1996).
Even limiting the interrogatories and requests for production to the mere identification of Immunecare patients violates the patients’ rights under the privacy statutes, as eighty percent of Dr. Sachs’ practice is devoted to treating patients diagnosed with HIV or AIDS. Under these circumstances, the only way to protect the confidentiality of the patients is to protect their identities. Thus, the trial court ignored the essential requirements of the law by entering an order which required the disclosure of the identities of Immune-care patients. On remand, the trial court may fashion an order that provides discovery redacting the identifying information.
Innovative may still be free to obtain this information thi-ough other means. In essence, Innovative claims that patients who formerly bought prescription medicine from Innovative began pm-chasing it elsewhere as a result of Dr. Sachs’ allegedly defamatory comments. Innovative’s own records should reveal the identity of any patients who stopped buying medicine from it and when they stopped making purchases. Innovative also argued below that it had already received reports from patients about defamatory statements made by Dr. Sachs. Obviously, Innovative is still free to continue to investigate this information in furtherance of its defamation and tortious interference claims.
We therefore grant the petition for writ of certiorari and quash the order entered below.