*546
 
 SUAREZ, J.
 

 Quest Diagnostics Incorporated (“Quest”) petitions for a writ of certiorari to quash discovery orders compelling responses to First Supplemental Interrogatories, Request to Produce and Subpoena Duces Tecum. We have jurisdiction.
 
 See Baptist Hosp. v. Garcia,
 
 994 So.2d 390 (Fla. 3d DCA 2008). We deny in part and grant in part the petition for writ of certio-rari.
 

 Maria Rapio (“Rapio”) filed an amended complaint against Quest, two counts of which were for negligence and medical malpractice. The amended complaint alleges that Quest was negligent in the handling of Rapio’s tissue sample which was sent to the Quest laboratory for pathology analysis. Quest does not dispute that Ra-pio’s tissue sample, which later proved to be malignant, got mixed up with a tissue sample that was not malignant from another individual (“Patient X”). Seven months after Rapio received the incorrect pathology report stating that her tissue sample was not malignant, she was informed of the mistake and began treatment. Rapio alleges that she was informed incorrectly that her tissue sample was not malignant and that the delay in informing her caused her treatment to be more extensive.
 

 Rapio propounded extensive discovery, including requests for the name of Patient X, all of Patient X’s treating doctors, and “all of the medical care providers known ... to have treated Patient X.” Rapio also moved to inspect and photograph Quest’s premises. Quest objected to producing this information on relevancy grounds and on grounds that the information was privileged and confidential medical information. Rapio moved to compel production of the information concerning Patient X. The trial court sustained Quest’s objection to the production of the records pertaining to “the tissue sample that was mixed up with [Rapio’s] tissue sample” and to revealing the name of Patient X, but ordered Quest to provide the “names and last known addresses of all medical providers known by [Quest] to have treated Patient X.” The trial court also granted Rapio’s motion to photograph the premises of Quest.
 

 We deny Quest’s request for a petition for writ of certiorari as to those portions of the trial court’s orders that require production of information from the medical records of Patient X, while protecting patient X’s identity, which could lead to discovery of evidence admissible at trial and is relevant to the mix up of the tissue samples.
 
 See Amente v. Newman,
 
 653 So.2d 1030 (Fla.1995);
 
 Sachs v. Innovative Healthcare, Inc.,
 
 799 So.2d 355 (Fla. 3d DCA 2001) (holding that the trial court may fashion an order that provides discovery of non-party patients by redacting the identifying information);
 
 see also Tanchel v. Shoemaker,
 
 928 So.2d 440 (Fla. 5th DCA 2006).
 

 We grant certiorari as a departure from the essential requirements of law and quash the portion of the trial court’s orders requiring production of the names and last known addresses of all medical providers known by Quest to have treated Patient X. Such disclosure is not only irrelevant, but would also lead to the name of Patient X which is protected from discovery in this litigation. Likewise, we quash the portion of the trial court’s order allowing Rapio’s attorney and photographer to enter onto Quest’s premises, as it is a departure from the essential requirements of law. The laboratory contains records and tissue samples, including the names of numerous individuals, which could be photographed and observed; thereby, invading the privacy of non-party patients. The order allows the production of non-relevant discovery that would in
 
 *547
 
 vade the privacy of non-parties which would cause irreparable harm to non-parties and departs from the essential requirements of law.
 
 See Nat’l Sec. & Cas. v. Dunn,
 
 705 So.2d 605, 608 (Fla. 2d DCA 1998) (holding that compelling production of non-party medical records is a departure from essential requirements of law where right of privacy not overcome).
 

 Petition for writ of certiorari denied in part and granted in part.