LaROSE, Judge.
 

 USAA Casualty Insurance Company petitions for certiorari review of a nonfinal order granting Christopher Caller/s motion to compel production of medical records in his suit for uninsured motorist benefits.
 
 See
 
 Fla. R.App. P. 9.030(b)(2)(A). The order is reviewable by certiorari because disclosure of the material would cause irreparable harm that cannot be cured on plenary appeal.
 
 See Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995) (holding certiorari review appropriate when a discovery order relates to materials protected by privilege, work product, or trade secret). The trial court departed from the essential requirements of law in compelling production absent compliance with the notice requirements of section 456.057(7)(a)(3), Florida Statutes (2010). Accordingly, we grant the petition and quash the order.
 

 USAA hired a physician to examine Mr. Callery and opine as to whether Mr. Call-ery was permanently injured as a result of the automobile accident underlying the lawsuit.
 
 See
 
 Fla. R. Civ. P. 1.360. Mr. Callery requested that USAA disclose the results of the physician’s last twenty medical examinations of personal injury plaintiffs. Mr. Callery hoped to impeach the physician by showing that his reports routinely and uniformly supported insurers. USAA objected to the request; Mr. Call-ery moved to compel discovery. The trial court ordered production with all patient-identifying information redacted. More specifically, the trial court directed that only the physician’s conclusions/impressions, the physician’s signature, the date of report, and the name and address of the receiving attorney be provided.
 

 Section 456.057(7)(a)
 
 [1]
 
 provides, in part, that a health care practitioner may not discuss a patient’s medical records without the patient’s written authorization. The only applicable exception is “[i]n any civil or criminal action ... upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient’s legal representative by the party seeking such records.” § 456.057(7)(a)(3).
 

 Graham v. Dacheikh,
 
 991 So.2d 932 (Fla. 2d DCA 2008), guides our decision to grant relief. In
 
 Graham,
 
 the plaintiff moved to compel the physician who performed a medical examination to produce all reports he prepared pursuant to rule 1.360.
 
 Id.
 
 at 933. As here, the plaintiff intended to use the reports for impeachment.
 
 Id.
 
 Relying on
 
 Amente v. Newman,
 
 653 So.2d 1030 (Fla.1995), the trial court ordered production and directed that names, social security numbers, and dates of birth be redacted.
 
 Graham,
 
 991 So.2d at 933.
 
 Amente,
 
 a medical malpractice case, held that a defendant physician’s
 
 *317
 
 medical records for all similar patients for a two-year period were discoverable, without notice to the patients, if the records were redacted to protect patient identity. 653 So.2d at 1032.
 

 On certiorari review in
 
 Graham,
 
 we distinguished
 
 Amente;
 
 the discovery there related to substantive issues in a medical negligence case in which the physician was a party and the supreme court in
 
 Amente
 
 concluded that compliance with the notice statute was impossible.
 
 Graham,
 
 991 So.2d at 935. We noted that “the Da-cheikhs made no effort to provide or to have the court provide ‘proper notice’ to the affected patients. They did not argue that such notice was impossible.”
 
 Id.
 
 In
 
 Graham,
 
 we held that the trial court departed from the essential requirements of law by compelling disclosure of medical examination reports without notice to the patients as required by section 456.057(7)(a) and without adequate protection of their privacy rights.
 
 Id.
 
 at 934. Like the medical reports in
 
 Graham,
 
 the reports here are relevant only to impeach the nonparty physician. The trial court made no finding and our record supports no conclusion that notice under section 456.057(7)(a) is impossible.
 

 Mr. Callery argues that we should affirm because the trial court tailored its order to
 
 Graham’s
 
 suggestion that patient identities could be safeguarded sufficiently to allow discovery, without compromising impeachment value, by redacting everything in the examination reports except “the doctor’s impression or conclusions at the end of his report.”
 
 Id.
 
 at 936.
 
 Graham
 
 does not reach so far. Rather,
 
 Graham
 
 held that
 
 Amente
 
 does not eliminate section 456.057’s requirements, but at most “allows a court to override that language by providing adequate alternative means to protect other patients’ privacy rights
 
 when a party has made a showing that the court cannot comply with the statute
 
 under circumstances that justify disobeying the statute.”
 
 Id.
 
 at 937 (emphasis added). Mr. Callery made no such showing. Thus, the trial court departed from the essential requirements of the law in ordering disclosure, even with the directed redactions.
 

 We grant the petition for certiorari, quash the trial court’s order, and remand for further proceedings.
 

 NORTHCUTT and VILLANTI, JJ., Concur.
 

 [1]
 

 . Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization under the following circumstances:
 

 [[Image here]]
 

 3. In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records.