VILLANTI, Judge.
Earl R. Crowley, Home Building Materials, Inc. (HBMI), and Stephen Padar, M.D., seek certiorari review of the trial court’s order that required Dr. Padar to bring to his deposition copies of the reports generated for all of the compulsory medical examinations (CMEs) he performed during the three years before his deposition in this case and then to testify to portions of the content of those nonparty CME reports. Because the trial court’s order fails to comply with the requirements of section 456.057(7)(a)(3), Florida Statutes (2010), we grant the certiorari petition and quash the trial court’s order.
This case began when Arthur Lamming sued Crowley and Crowley’s employer, HBMI, contending that he was injured in an automobile accident allegedly caused by Crowley while Crowley was driving a vehicle owned by HBMI. During the course of discovery, Crowley and HBMI requested that Lamming submit to a CME pursuant to Florida Rule of Civil Procedure 1.360. Crowley and HBMI identified Dr. Stephen Padar as the physician who would perform the CME. Lamming attended the CME, and both parties received copies of Dr. Padar’s resulting report.
Lamming then served a subpoena for deposition duces tecum on Dr. Padar that required him to bring to his deposition “[a] copy of any and all CME reports prepared by you for the last three (3) calendar years.” Crowley and HBMI objected to the subpoena, pointing out that such non-party CME reports were not discoverable. Lamming then filed a motion to compel Dr. Padar to comply with the subpoena. At the hearing on the motion, Lamming contended that, despite the clear language of his subpoena duces tecum, he did not seek actual production of the nonparty CME reports. Instead, he simply wanted Dr. Padar to bring the nonparty CME reports with him to the deposition so that they would be “available to him to give accurate testimony.” However, the trial court declined to require Dr. Padar to bring the nonparty CME reports to the deposition, telling counsel for Lamming that he should “ask those questions, see what happens.”
Lamming took Dr. Padar’s deposition shortly thereafter. Following the deposition, Lamming filed a renewed motion to compel in which he argued that Dr. Padar was “evasive” and “nonresponsive” at his deposition. Based on this, Lamming sought an order from the trial court requiring Dr. Padar to attend a second deposition and to bring “all of his [CME] reports from the past five years.”
During the hearing on the renewed motion, Lamming again conceded that he was not entitled to production of the nonparty CME reports. But he suggested that if Dr. Padar was required to bring the non-party CME reports to his deposition, Lamming could “go through and ask him, Did you give an opinion about the need for future medical care in this one? Did you give — and it’s the only way I can prove that the doctor’s failing to give accurate information in his deposition.” He therefore asserted that as to each nonparty CME, he should be permitted to ask Dr. *358 Padar the date of the CME, how much Dr. Padar charged to perform the CME, who hired him to perform the CME, what his opinion was concerning permanency in each CME, and what his opinion was in each CME on the patient’s need for future care.
In response, Crowley and HBMI directed the trial court’s attention to this court’s opinion in Graham v. Dacheikh, 991 So.2d 932 (Fla. 2d DCA 2008), in which this court specifically held that section 456.057(7)(a)(3) prohibits the disclosure of nonparty CME reports without prior notice to all of the affected nonparties. They also specifically pointed out that “[disclosure is disclosure,” whether it is through production or deposition testimony.
Despite the reference to Graham, the trial court ordered Dr. Padar to appear for a second deposition, to bring with him all of the reports for CMEs 'he had performed during the past three years,[1] and to “use [the nonparty CME reports] as a reference to answer questions.” The court limited the permissible questions to “the dates of the past CME’s [sic], the name of the entity who hired Dr. Padar, the alleged injury, the doctor’s opinion regarding permanency, and the doctor’s opinion regarding the need for future medical care.” Crowley and HBMI now ask this court to quash this order.
Our resolution of this ease is guided by section 456.057(7)(a)(3), as it has been interpreted and applied by this court. That section provides, in relevant part:
Except as otherwise provided in this section ..., such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient’s legal representative or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization under the following circumstances:
[[Image here]]
3. In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient’s legal representative by the party seeking such records.
§ 456.057(7)(a)(3) (emphasis added). The emphasized language unequivocally creates “a broad and express privilege of confidentiality as to the medical records and the medical condition of a patient.” Acosta v. Richter, 671 So.2d 149, 154 (Fla.1996). These clear terms therefore prohibit more than the production of a non-party patient’s medical records without notice; they also prohibit discussion about a nonparty patient’s medical condition without prior notice to that nonparty.
This court recently addressed an almost identical issue in USAA Casualty Insurance Co. v. Gallery, 66 So.3d 315 (Fla. 2d DCA 2011). In that case, Callery sought production of CME reports for the last twenty CMEs performed by the CME physician who examined him in hopes of “impeaching] the physician by showing that his reports routinely and uniformly supported insurers.” Id. 66 So.3d at 316. The trial court ordered production with all patient-identifying information redacted. Id. The trial court also directed that “only the physician’s conclusions/impressions, the physician’s signature, the date of report, and the name and address of the *359 receiving attorney be provided.” Id. In granting certiorari and quashing the trial court’s order, this court followed Graham and concluded that the trial court “departed from the essential requirements of law by compelling disclosure of medical examination reports without notice to the patients as required by section 456.057(7)(a)” when there was no showing that the prior notice required by that section was impossible. Id. This court further rejected Gallery’s suggestion that the redaction of patient-identifying information was sufficient to comply with the requirements of section 456.057(7)(a)(3) pursuant to Amente v. Newman, 653 So.2d 1030 (Fla.1995). Instead, we pointed out:
Amente does not eliminate section 456.057’s requirements, but at most “allows a court to override that language by providing adequate alternative means to protect other patients’ privacy rights when a party has made a showing that the court cannot comply with the statute under circumstances that justify disobeying the statute.”
Callery, 66 So.3d at 317 (quoting Graham, 991 So.2d at 937); see also Crandall v. Michaud, 603 So.2d 637, 639 (Fla. 4th DCA 1992) (noting that the predecessor statute to section 456.057(7)(a)(3) barred “furnishing a patient’s medical records or discussing his medical condition” and that the statute “does not seem to make a distinction if the identity of the patient is concealed”), disapproved on other grounds, Elkins v. Syken, 672 So.2d 517, 522 (Fla.1996).
In this case, as in Cattery, the trial court attempted to limit its ruling by restricting the questions Lamming could ask of Dr. Padar and by prohibiting Dr. Padar from releasing any patient-identifying information. However, as we held in Graham and Cattery, even this limited disclosure of the private health information of nonparties violates section 456.057(7)(a)(3) in the absence of evidence that a party cannot comply with that section’s notice requirements and some evidence of circumstances that would justify disobeying that section. Accordingly, like the trial courts in Graham and Cattery, the trial court here departed from the essential requirements of the law in ordering the disclosure, albeit through testimony, of some of the contents of all of Dr. Padar’s CME reports generated during the past three years.
We recognize that during the hearing on his second motion to compel, Lamming asserted that he could not give the required notice because the list produced by Dr. Padar of prior cases in which he had been retained as an expert did not comply with Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii)(3), which requires an expert to disclose “[t]he identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.” However, faced with this alleged deficiency, Lamming did not file a motion to compel Dr. Padar to provide a list that did comply with those requirements. In the absence of such a motion, Lamming cannot establish that compliance with the notice provisions of section 456.057(7)(a)(3) is impossible so as to entitle him to avoid its requirements.
Finally, we appreciate the trial court’s concern with Dr. Padar’s alleged evasiveness, and we certainly do not condone evasive conduct by expert witnesses. However, we note that compelled disclosure of the private health information of nonparties does not address the problem. Instead, as the supreme court has stated:
“Within the limits of permitted discovery, medical experts are obligated to testify on a reasonable basis, truthfully, fully and freely. When it is disclosed or made apparent to the trial court that *360 such a witness has falsified, misrepresented, or obfuscated the required data, the aggrieved party may move to exclude the witness from testifying or move to strike that witness’s testimony ... or further, move for the imposition of costs and attorney’s fees in gathering the information necessary to expose the miscreant expert.”
Elkins, 672 So.2d at 521 (quoting Syken v. Elkins, 644 So.2d 539, 546-47 (Fla. 3d DCA 1994)). These alternative sanctions more appropriately balance the rights of the current litigants to proper discovery against the rights of the nonparties to keep their private health information private. And while we acknowledge the trial court’s creative attempt to address a perceived deficiency in the broad statutory privilege against disclosure of private health information, any change in this statutory privilege must come from the legislature, not the court system.
Accordingly, we hold that the trial court departed from the essential requirements of the law when it ordered Dr. Padar to bring the CME reports of nonparties to his deposition and to testify to some of the information contained in those reports. Therefore, we grant the petition, issue the writ, and quash the trial court’s order.
Granted.
NORTHCUTT and DAVIS, JJ., Concur.

. Despite Lamming's request for five years of nonparty CME reports, the trial court ordered Dr. Padar to bring only those from the prior three years.