PER CURIAM.
Edward Coopersmith, the defendant below in a personal injury case, petitions for certiorari review of a non-final order granting plaintiff Elizabeth Perrine’s motion to overrule objections to interrogatories.
Coopersmith takes issue with a specific subsection of an interrogatory, which requires Coopersmith to furnish a “general summary of the opinions and basis of the opinions” offered by his medical experts in other cases.[1] We grant the petition because the summaries will invade the privacy rights of non-parties, as protected by section 456.057(7)(a)(3), Florida Statutes (2010). See Graham v. Dacheikh, 991 So.2d 932 (Fla. 2d DCA 2008); Crowley v. Lamming, 66 So.3d 355 (Fla. 2d DCA 2011); USAA Cas. Ins. Co. v. Callery, 66 So.3d 315 (Fla. 2d DCA 2011). In reaching our decision, we align our court with the Second District, whose reasoning is consistent with our views of a predecessor *247 statute.[2] See Crandall v. Michaud, 603 So.2d 637 (Fla. 4th DCA 1992), disapproved on other grounds, Elkins v. Syken, 672 So.2d 517, 522 (Fla.1996).
Section 456.057(7)(a), Florida Statutes, prohibits a health care practitioner from discussing a patient’s medical records without the patient’s written authorization unless one of the three detailed exceptions applies.[3] Graham considered section 456.057(7) and held that it prohibits the disclosure of non-party compulsory medical examination reports without prior notice to all of the affected nonparties. Graham rejected redaction as a substitute for the statutory notice to the nonparty patients, noting that there was no argument made that notification would not be possible, and in fact, compliance with other requests revealed that it was possible.
Graham considered that the purpose of the discovery was to demonstrate the expert’s bias and concluded that “the fundamental rights of the nonparties may require more restrictive protections, and thus less intrusive means.... ” 991 So.2d at 937. In reaching its decision, the Second District distinguished the medical malpractice case of Amente v. Newman, 653 So.2d 1030 (Fla.1995), which the trial court in Graham had relied upon. Graham detailed the following four reasons when it concluded that Amente was not controlling: “(1) Amente was a medical negligence case; (2) the affected doctor was a party; (3) the discovery sought related to substantive issues in the case; and (4) the supreme court concluded that compliance with the statute was impossible.” 991 So.2d at 935; see also Crowley, 66 So.3d at 355 (applying Graham and quashing an order that required an expert physician to bring to his deposition copies of the reports generated for all of the compulsory medical examinations he performed during the three years in question and to testify to limited portions of the reports).
Although Graham seemed to suggest that the doctor’s impressions or conclusions at the end of the compulsory examination report, absent patient identifying information, would be a less intrusive alternative, the Second District subsequently rejected a discovery order that was tailored accordingly. Callery, 66 So.3d at 315; see also Crandall, 603 So.2d at 639. Significantly, the court concluded that Mr. Callery did not demonstrate an inability to comply with the statute’s notice provisions. The same is true of respondent in this case.
Moreover, Coopersmith’s responses to other interrogatories suggest that notification might be possible. See, e.g., Crowley, 66 So.3d at 359. We recognize that unlike *248 Graham and Crowley, the discovery here is being requested from a party. Such was the case in Cattery. While Allstate v. Boecher, 733 So.2d 993 (Fla.1999), permits discovery from a party surrounding the party’s relationship with an expert, the summaries and opinions sought within the interrogatory at issue are beyond Boecher’s “financial” bias purview and involve medical information of people who are not parties to this lawsuit. See Graham, 991 So.2d at 937.
Consequently, to protect against any intrusion into the privacy rights of non-parties, we grant the petition for certiorari, quash that portion of the trial court’s order requiring petitioner to produce information concerning nonparty compulsory medical examinations, and remand for further proceedings.
TAYLOR and CIKLIN, JJ., concur.
MAY, C.J., concurs specially with opinion.

. Interrogatory 10 asks:
Has the expert served and testified, through deposition and/or trial, as an expert witness in any other case in the past three years? If so, as to each case identify: a. The style of the case, the court in which it was filed, and the names and addresses of the attorneys involved, b. Whether he/she testified for the plaintiff or defendant, c. Whether he/she testified by deposition, at trial, or both. d. The area of field in which he/she was held out to be an expert, e. A general summary of the opinions and basis of the opinions to which the expert testified or was prepared to testify in that case.

. See § 455.241, Fla. Stat. (1991).

. Florida Statute section 456.057(7)(a) provides:
Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient's legal representative or other health care practitioners and providers involved in the care or treatment of the patient, except upon written authorization of the patient. However, such records may be furnished without written authorization under the following circumstances:
1. To any person, firm, or corporation that has procured or furnished such examination or treatment with the patient’s consent.
2. When compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, in which case copies of the medical records shall be furnished to both the defendant and the plaintiff.
3. In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient’s legal representative by the party seeking such records.