NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CHRISTINA M. PAYLAN, M.D., )
)
        Petitioner, )
)
v. ) Case No. 2D17-2071
)
TIMOTHY J. FITZGERALD, ESQ., and )
FARMER & FITZGERALD, P.A., )
)
        Respondents. )
_____)

Opinion filed July 14, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Gregory P.
Holder, Judge.

Christina M. Paylan, pro se.

Matthew Farmer, Tampa, for Respondents.


BADALAMENTI, Judge

        Dr. Christina Paylan seeks certiorari review of an interlocutory discovery

order which directs her, in part, to produce confidential medical information to

Respondents, Timothy Fitzgerald and Farmer & Fitzgerald, P.A. Because the trial

court's order departs from the essential requirements of the law and causes irreparable

harm by failing to comply with the substantive notice and authorization requirements set

forth in section 456.057(7)(a), Florida Statutes (2016), we grant the petition and quash the order on review with respect to interrogatory number 8.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the underlying litigation, Dr. Paylan filed a complaint against Respondents, alleging legal malpractice, among other things, with respect to their representation of her in several criminal cases. In case number 11-CF-8930 the State charged Dr. Paylan with two counts of obtaining a controlled substance by fraud and one count of possession of a controlled substance, Demerol. Dr. Paylan allegedly wrote three unlawful prescriptions for Demerol to patient, "L.B." L.B. denied that she authorized Dr. Paylan to obtain a controlled substance in her name or that she had any medical procedure scheduled with Dr. Paylan that required the use of Demerol. Ultimately, those criminal charges were dismissed.

In the context of the legal malpractice litigation, Respondents served Dr. Paylan with interrogatories. In interrogatory number 8, they asked Dr. Paylan to "[l]ist all the procedures and dates the procedures were performed or were scheduled to be performed that required [her] to use Demerol on patient LB between May 20, 2011 and June 30, 2011." Dr. Paylan objected to the interrogatory, arguing that responding to it would cause her to violate the Health Insurance Portability and Accountability Act of 1996 (HIPAA)[1] unless Respondents first obtained a release from L.B. for the requested confidential medical information. Dr. Paylan argued that Respondents should be required to contact L.B.'s attorney or L.B. to obtain authorization for release of the information. If they did so, she would release "whatever information she had." The trial

[1]Pub. L. No. 104-191, 110 Stat. 1936 (1996).

court found the information requested by Respondents to be relevant to the issues in the legal malpractice case, overruled Dr. Paylan's objection, and ordered her to respond to the interrogatory within twenty-five days. It further provided in its order that "[t]he records shall remain under seal and not released to anyone except counsel of record, the parties themselves or any expert."

## II. THE ARGUMENTS ON REVIEW

In her petition, Dr. Paylan argues that the trial court departed from the essential requirements of the law and caused irreparable harm by ordering her to release L.B.'s confidential medical information without (1) requiring an authorization for release or (2) providing L.B. with notice and an opportunity to be heard before the information was disclosed. In addition to citing HIPAA, she cites to section 456.057 in support of her position. She requests that we quash the trial court's order with respect to interrogatory number 8.

Respondents point out that L.B. was interviewed and deposed on multiple occasions in the context of both the criminal case and a medical license proceeding against Dr. Paylan. In every instance, L.B. denied that she had any medical treatment scheduled with Dr. Paylan during June 2011 that would have required the use of Demerol. Furthermore, in a November 18, 2011, e-mail to Mr. Fitzgerald, Dr. Paylan stated that L.B. had consented to the release of her medical records.

Respondents argue that the information they sought in interrogatory number 8 is relevant to their defense of the legal malpractice case because Dr. Paylan must allege and prove that she is actually innocent of the criminal charges from which her legal malpractice claim originated. See Cira v. Dillinger, 903 So. 2d 367, 370-71

- 3 -

(Fla. 2d DCA 2005). As prior counsel of record in the criminal case, Respondents have some, but not all, of L.B.'s medical records. They also seek Dr. Paylan's disclosure of any procedures that were scheduled to be performed on L.B. during May and June 2011—contrary to L.B.'s testimony—that required the use of Demerol. Respondents also point out that the trial court protected L.B.'s privacy by redacting her name and by limiting the use of the information to review by counsel of record, the parties, and their experts. Accordingly, Respondents request that the petition be denied.

### III. ANALYSIS

To be entitled to certiorari relief with respect to an interlocutory order, a petitioner must establish that the order departs from the essential requirements of the law resulting in material injury for the remainder of the case that cannot be remedied on direct appeal. Trucap Grantor Tr. 2010-1 v. Pelt, 84 So. 3d 369, 371 (Fla. 2d DCA 2012). Orders that require disclosure of confidential medical information meet the irreparable harm requirement for certiorari review because once such information is improperly disclosed, the harm caused by that disclosure cannot be undone. USAA Cas. Ins. Co. v. Callery, 66 So. 3d 315, 316 (Fla. 2d DCA 2011). We must thus determine whether the trial court's order departs from the essential requirements of the law.

HIPAA only preempts state laws relating to substantive privacy rights concerning individually identifiable health information which are less stringent than HIPAA's privacy protections. 45 C.F.R. § 160.203(b) (2013); see also Lemieux v. Tandem Health Care of Fla., Inc., 862 So. 2d 745, 748 n.1 (Fla. 2d DCA 2003). Because HIPAA permits disclosure of "protected health information in the course of any

judicial or administrative proceeding . . . [i]n response to an order of a court" without notice or authorization, it appears that section 456.057(7)(a) provides greater protection than HIPAA in this context so long as the subpoena is accompanied by an order of a court.  Compare 45 C.F.R. § 164.512(e)(1)(i) (2013), with (e)(1)(ii).  Accordingly, we must determine whether the trial court's order complies with the requirements of section 456.057.

> Section 456.057(7) provides in pertinent part as follows:
>
> (7)(a) Except as otherwise provided in this section and in s. 440.13(4)(c), such records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient, the patient's legal representative, or other health care practitioners and providers involved in the patient's care or treatment, except upon written authorization from the patient.  However, such records may be furnished without written authorization under the following circumstances:
>
> > . . . .
>
> 3.  In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records.

(Emphasis added.)  Thus, as we have previously explained, "[s]ection 456.057(7) contains a broad prohibition preventing a health care practitioner who generates a medical record for a patient from furnishing that record to 'any person other than the patient or the patient's legal representative . . . except upon written authorization of the patient' " with certain, limited exceptions, including the issuance of a subpoena with notice to the patient.  Graham v. Dacheikh, 991 So. 2d 932, 934 (Fla. 2d DCA 2008). The plain language of the statute "unequivocally creates 'a broad and express privilege

of confidentiality as to the medical records and the medical condition of a patient.' " Crowley v. Lamming, 66 So. 3d 355, 358 (Fla. 2d DCA 2011) (quoting Acosta v. Richter, 671 So. 2d 149, 154 (Fla. 1996)).  A trial court's order that requires production of medical records in violation of section 456.057(7) departs from the essential requirements of the law and causes irreparable harm.  Graham, 991 So. 2d at 937; see also Callery, 66 So. 3d at 317.  Similarly, an order that requires a health care practitioner to respond to interrogatories that will disclose confidential medical information in violation of section 456.057(7) departs from the essential requirements of the law.  See Coopersmith v. Perrine, 91 So. 3d 246 (Fla. 4th DCA 2012).

Although Respondents do not dispute that they did not provide L.B. with notice of their intent to obtain the disputed information from Dr. Paylan, they argue that the trial court properly directed Dr. Paylan to respond with L.B.'s confidential medical information based upon L.B.'s alleged prior authorization and prior disclosure of the information in the context of other litigation.  There are several problems with this argument.

First, the only evidence that L.B. authorized the release of the requested information is in an e-mail sent from Dr. Paylan to Mr. Fitzgerald in November 2011, in which Dr. Paylan stated that "B" and "M," not L.B., had authorized the release of their medical records.  Respondents have not provided an actual written authorization from L.B., and the e-mail reference does not clearly demonstrate that authorization was obtained from L.B. as opposed to some other patient, like "B" or "M."  Moreover, nothing in the e-mail demonstrates the scope of the authorization.  The e-mail is from 2011, and nothing in the e-mail or the record reflects the time period for which any such

- 6 -

authorization would be in effect. The e-mail reference to an authorization was made more than six years before Respondents sought confidential medical information from Dr. Paylan for L.B. in February 2017.

Next, Respondents' references to L.B.'s prior testimony and interviews have similar problems. All of those prior disclosures were made between 2011 and 2013 in the context of other cases, not the underlying legal malpractice proceeding. Moreover, the information that was disclosed was within the control of L.B. Although the information requested in this matter relates to the subject of L.B.'s prior disclosures, Respondents are seeking L.B.'s confidential medical information that is within Dr. Paylan's control and information that refutes L.B.'s prior disclosures. In that sense, Respondents are not seeking the same information previously obtained from L.B. See Colonial Med. Specialties of S. Fla., Inc. v. United Diagnostic Labs., Inc., 674 So. 2d 923, 923 (Fla. 4th DCA 1996) ("The nature of the dispute, and the fact that respondent may already have in its records some of this patient information, does not negate the rights of such non-party patients to privacy and confidentiality as to their personal information."); see also Sachs v. Innovative Healthcare, Inc., 799 So. 2d 355, 358 (Fla. 3d DCA 2001) (quoting Colonial for the foregoing proposition).

In addition, Respondents do not argue that they cannot comply with the statute by obtaining a written authorization from L.B. or by providing her with the requisite notice. See Graham, 991 So. 2d at 935-37 (recognizing that the supreme court's decision in Amente v. Newman, 653 So. 2d 1030 (Fla. 1995), at most permitted a court to override the requirements of section 456.057 if a party makes a showing that compliance with the statute is impossible); see also Callery, 66 So. 3d at 317 (following

- 7 -

<u>Graham</u>). In fact, their arguments suggest that they have the ability to contact L.B. through her prior counsel to either obtain her authorization or provide her with notice. Although it seems that L.B. will almost surely consent to the disclosure of the requested information (or not object to its disclosure), the litigants and the parties must comply with the substantive notice and authorization requirements of section 456.057 when they have the ability to comply.

## IV. CONCLUSION

Because the trial court's order departs from the essential requirements of the law by failing to comply with section 456.057(7), we grant the petition and quash the order on review to the extent it requires Dr. Paylan to respond to interrogatory number 8.

Petition granted; order quashed.


SILBERMAN and CRENSHAW, JJ., Concur.