# Third District Court of Appeal
## State of Florida

Opinion filed August 16, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-862
Lower Tribunal No. 21-7044
_____

**Jack Ralph Hakim,**
Petitioner,

vs.

**Grace Ellen Hakim,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for petitioner.

Sandy T. Fox, P.A., and Sandy T. Fox, for respondent.

Before LOGUE, C.J., and LINDSEY and LOBREE, JJ.

LOGUE, C.J.

Jack Hakim, the husband in the underlying dissolution proceeding, petitions for certiorari review of a trial court order granting the wife's request for production of the husband's psychological and medical records. We deny the petition.

The husband and wife were married for over four decades and raised four children together, when the husband petitioned for the dissolution of their marriage. The wife counter-petitioned seeking alimony. During the litigation, the wife filed a request that the husband produce the "medical, psychological, health and mental health records relating to you [the husband] for the past three (3) years." Over the husband's objection, the court granted the wife's request.

For a writ of certiorari to issue, it is well established, "the petitioner must demonstrate that the challenged non-final order (1) departs from the essential requirements of law, (2) results in material injury for the remainder of the case, and (3) such injury is incapable of correction on postjudgment appeal." R.J. Reynolds Tobacco Co. v. Morales, 237 So. 3d 1093, 1095 (Fla. 3d DCA 2017) (quoting Sea Coast Fire, Inc. v. Triangle Fire, Inc., 170 So. 3d 804, 807 (Fla. 3d DCA 2014)). Because of their private nature, an order improperly compelling the production of medical records can constitute irreparable harm because once the information is revealed it is impossible to

make it entirely private again. <u>Paylan v. Fitzgerald</u>, 223 So. 3d 431, 434 (Fla. 2d DCA 2017) ("Orders that require disclosure of confidential medical information meet the irreparable harm requirement for certiorari review because once such information is improperly disclosed, the harm caused by that disclosure cannot be undone.").

Here, however, the husband repeatedly and specifically placed his mental and physical condition at issue by referring to his poor health when seeking relief from the trial court. To give just a few examples, the husband asserted he "earns nominal income" because he is "disabled"; he "has severe and serious health issues"; he suffers from "heart issues, high blood pressure issues, prostate issues" and "poor health, depression, high blood pressure and other maladies." He made these representations when asking the trial court to award him exclusive use of a home, special conditions for his deposition, distribution of funds, and other relief.

Importantly, in several instances, these representations of poor health were verified by the husband under penalties of perjury. In these circumstances, the trial court did not depart from the essential requirements of law in finding that the husband himself, not merely his attorney, put the husband's mental and medical condition in controversy. <u>See</u> § 61.08(3)(c), Fla. Stat. (2023) (requiring a court considering a demand for alimony to

consider "[t]he age, physical, mental, and emotional condition of each party, including whether either party is physically or mentally disabled and the resulting impact on either the obligee's ability to provide for his or her own needs or the obligor's ability to pay alimony and whether such conditions are expected to be temporary or permanent."). Cf. Russenberger v. Russenberger, 639 So. 2d 963 (Fla. 1994).

Denied.