# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1706
Lower Tribunal No. 25-3830-FC-04
_____

**Max H. Kraushaar,**
Petitioner,

vs.

**Olinda Kraushaar,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Annesser Armenteros, PLLC, and John W. Annesser, II, and Megan Conkey Gonzalez and Gabriella E. Valdes, for petitioner.

Genova Family Law, and Anthony M. Genova (Weston), for respondent.

Before EMAS, MILLER and BOKOR, JJ.

BOKOR, J.

Max and Olinda Kraushaar are getting divorced. They have a dog, Dario. They're fighting over Dario. Dario is Max's certified emotional support animal. Both parties agree that in Florida, pets are personal property subject to equitable distribution under section 61.075(1), Florida Statutes. Against this backdrop, Max petitions for certiorari review of the trial court's order denying a motion for protective order pertaining to discovery surrounding Dario's designation as an emotional support animal.

A trial court's discovery order, even where erroneous, rarely warrants certiorari relief. This is because the petitioner is required to establish: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)). An overbroad, irrelevant, or burdensome discovery obligation does not, without more, constitute material injury. See, e.g., Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 295 (Fla. 3d DCA 2016). But here, Olinda is seeking extensive medical records and depositions from two of Max's doctors. Because of the confidential and protected nature of medical records, an order that improperly compels production or examination of the same satisfies the jurisdictional element of

2

irreparable harm. See Paylan v. Fitzgerald, 223 So. 3d 431, 434 (Fla. 2d DCA 2017) ("Orders that require disclosure of confidential medical information meet the irreparable harm requirement for certiorari review because once such information is improperly disclosed, the harm caused by that disclosure cannot be undone." (citing USAA Cas. Ins. Co. v. Callery, 66 So. 3d 315, 316 (Fla. 2d DCA 2011))).

Having established irreparable harm if the records are improperly disclosed, we must examine whether such an order departs from the essential requirements of the law. Olinda argues that the medical records are relevant to whether Max fraudulently obtained an emotional support certification for Dario. Max counters that it wouldn't matter anyway, because the emotional support designation doesn't change a pet's status as property for purposes of equitable distribution. And Dario's status as Max's emotional support animal alone does not justify intrusive discovery into Max's medical history. At least, not without more. This is because "Florida courts must consider the factors enumerated in section 61.075(1), as is, along with any special needs or special circumstances to distribute pets." Harby v. Harby, 331 So. 3d 814, 822 (Fla. 2d DCA 2021). That a pet owner has sentimental interest in a family pet is not an earthshattering proposition. As our sister court explained, "the trial court may consider a party's sentimental interest in

3

property, such as the ordinary attachment to pets, alongside the other [statutory] factors." Id. at 823.

So if Max seeks to show sentimental interest through Dario's status as an emotional support animal, that could be given its appropriate weight by the court along with all other factors in line with the statutory scheme. And no medical records would be necessary. But here, Max sought to show that Dario's status as an emotional support animal constituted a "special need[] or special circumstance[]" because Max "had a disability" for which Dario "provided emotional support to alleviate an effect thereof." Id. at 822. Max's emergency motion for return of Dario explains that "[t]he Dog . . . provid[ed] therapeutic comfort for a long-standing anxiety condition." The motion attaches and incorporates by reference diagnoses and letters from "doctors stating why and the need of Dario as a companion dog." Because Max seeks to rely on his disability, and Dario's alleviation thereof, as a special need or circumstance, the medical records, or at least some of them, would be discoverable with proper safeguards.

But the trial court would need to review any records produced in camera to assure that the records relate to the issues raised. See Tanner v. Hart, 313 So. 3d 805, 808 (Fla. 2d DCA 2021) (explaining that "disclosure of 'any and all' records from 2011 through the present casts too wide a net" and

4

collecting cases explaining the need of the trial court to conduct an in camera review of any medical record before compelling production to ensure relevance to the litigation).

To the extent Max sought to utilize Dario's status as an emotional support animal to prove a special need or circumstance tipping equitable distribution in his favor, such discovery of Max's medical records would be discoverable, but such discovery would nonetheless need to be carefully tailored with appropriate safeguards. At a minimum, the records would need to be subject to in camera review. We therefore grant the petition and quash the order under review.

Petition granted; order quashed.